UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

MIRIAM C. LOPEZ,           CASE NO.: 0:22-cv-60780

    Plaintiff,

v.

SAM'S EAST, INC.,

    Defendant.
_____/

**DEFENDANT SAM'S EAST, INC.'S NOTICE OF REMOVAL**

Defendant SAM'S EAST, INC. ("Defendant"), through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 17th Judicial Circuit Court in and for Broward County, Florida, Case No. CACE 22-004099 with full reservation of rights, exceptions and defenses, and in support thereof state:

### I.     FACTUAL BACKGROUND

1. On or about March 18, 2022, Plaintiff commenced this action by filing a Complaint against Sam's West, Inc. in the 17th Judicial Circuit Court in and for Broward County, Florida.

2. The Complaint was served on March 23, 2022.

3. On March 28, 2022, Plaintiff filed an Amended Complaint naming the correct Defendant, Sam's East, Inc. *See* **Exhibit A**.

4. On March 31, 2022, Defendant filed its Answer and Affirmative Defenses to the Amended Complaint.

5. Plaintiff alleges a claim for negligence against Defendant as a result of injuries she allegedly sustained on July 14, 2021 while on the property located at 950 N. University Drive, Coral Springs, FL 33071. *See* Ex. A, ¶4.

CASE NO.: 0:22-cv-60780

6. Specifically, Plaintiff alleges that she "slipped and fell on a dirty slippery substance on the floor." *Id*. at ¶6.

7. Plaintiff alleges that Defendant (1) failed to maintain the common areas in a safe and proper condition, (2) was negligent in creating or permitting a dangerous condition to remain on the premises and (3) failed to warn Plaintiff of the dangerous condition. *Id.* at ¶¶9-11.

8. Plaintiff alleges that she is a resident of Miami-Dade County, Florida. *Id.* at ¶2.

9. On October 1, 2021, Plaintiff sent Defendant a demand letter which indicated that she suffered a fractured right foot and required surgery with hardware. Based on Plaintiff's alleged injuries and medical bills incurred, Plaintiff offered to settle the claim for $1,000,000.00. *See* **Exhibit B**.[1]

10. This matter is therefore removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

11. Defendant attaches and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 17th Judicial Circuit in and for Broward County together with a docket sheet from the Clerk of the Court. *See* Composite **Exhibit C**.

12. Defendant reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

---

[1] Defendant has not filed the entire complement of medical records and bills which Plaintiff submitted with her demand letter in order to protect her personal information pursuant to the Court's Administrative Procedures, 6B. Should the Court wish to see these documents, Defendant will provide them for an *in camera* inspection.

2
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

CASE NO.: 0:22-cv-60780

## II. REMOVAL IS TIMELY

13. In accordance with 28 U.S.C. § 1446(b)(1), Defendant files this Notice of Removal within thirty (30) days of the date that it received a copy of Plaintiff's original Complaint. Plaintiff's original Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. The thirty (30) day period commenced on March 23, 2022 when Defendant was served with a copy of the original Complaint.

14. Plaintiff sent Defendant a written demand outlining Plaintiff's claimed damages inclusive of actual medical expenses in connection with the alleged incident.

15. Venue exists in the United States District Court for the Southern District of Florida, Broward Division, because the 17th Judicial District in and for Broward County, where Plaintiff filed the state court Complaint is located in Broward County Florida, which is located within the United States District Court for the Southern District of Florida, Broward Division.

## III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

16. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

**A.** **Citizenship of Plaintiff MIRIAM C. LOPEZ**

17. Plaintiff is a resident of Miam-Dade County, Florida. *See* Ex. A at ¶2. Although Plaintiff's Amended Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

CASE NO.: 0:22-cv-60780

18. Here, Plaintiff alleges that she is a resident of Miami-Dade County, Florida. *See* Ex. A at ¶2. Plaintiff's Miami-Dade County, Florida residence is prima facie evidence of her domicile which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz,* 2009 WL 1532129 at *3.

### B. Citizenship of SAM'S EAST, INC.

19. Presently and at the time of the alleged incident, Sam's East was an Arkansas corporation, which maintains its principal place of business in Bentonville, Arkansas. At no time material has Sam's East been a citizen of Florida. *See* Florida Department of State, Division of Corporations, Detail by Entity Name attached as **Exhibit D**.

### IV. AMOUNT IN CONTROVERSY

20. The amount in controversy exceeds $75,000.00. Although Plaintiff's Amended Complaint does not specify an amount in controversy other than the state court $30,000.00 jurisdictional minimum, it is clear from Plaintiff's demand letter that her claimed damages exceed the jurisdictional minimum in this Court of $75,000.00. *See Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiffs in the pre-suit demand package); *see also Mick v. De Vilbiss Air Power Co.,* No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010) (discussing pre-suit demand letters are competent evidence of the amount in controversy.).

21. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

CASE NO.: 0:22-cv-60780

22. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id*.

23. Plaintiff's demand conclusively establishes that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. Plaintiff's October 1, 2021 demand letter estimates damages in the instant matter to be at least $1,000,000.00. *See* Ex. B. In addition to Plaintiff's alleged medical condition, the Amended Complaint alleges damages for (a) loss of earnings and earning capacity, (b) physical and mental pain and suffering, (c) aggravation of pre-existing condition and (d) future medical expenses. *See* Ex. A at ¶13.

24. These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. Numerous district court decisions support this conclusion.

25. For example, in *Katz v. J.C. Penney Corp.*, this Court concluded that the removing defendant properly established the amount in controversy by addressing information received from plaintiff's pre-suit demand package. *Katz,* 2009 WL 1532129 at 4. The court specifically noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by

CASE NO.: 0:22-cv-60780

plaintiffs because, like Plaintiff's demand letter in this case, it was based on medical records provided by the plaintiff. *Id.*

26. Here, Plaintiff's demand letter which estimates Plaintiff's damages to be $1,000,000.00 is an honest assessment of her claimed damages as it is based on the following:

    a. Past medical bills ($369,240.03)[2]
    b. Future medical care. *See Katz,* 2009 WL 1532129 at 4.
    c. Lost wages and earning capacity and
    d. Pain and suffering

27. This evidence demonstrates the Plaintiff's claimed damages in the instant case far exceed $75,000.00. Accordingly, Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

## V. CONCLUSION

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this Notice of Removal, Defendant will promptly give written notice to Plaintiff, through her attorney of record, and the Clerk of the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida.

WHEREFORE, Defendant SAM'S EAST, INC. respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case

---

[2] Defendant has not filed the entire complement of medical records and bills which Plaintiff submitted with her demand letter in order to protect her personal information pursuant to the Court's Administrative Procedures, 6B. Should the Court wish to see these documents, Defendant will provide them for an *in camera* inspection.

CASE NO.: 0:22-cv-60780

No. CACE 22-004099, on the docket of the Court for the 17th Judicial Circuit in and for Broward County, Florida, be removed from that Court to the United States District Court for the Southern District of Florida, Broward Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Defendant is entitled.

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Defendant*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By: */s/ Christine M. Manzo*
    CHRISTINE M. MANZO
    Florida Bar No. 52121

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of April, 2022, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF and will send a notice of electronic filing to the following: **William C. Ruggiero, Esq.**, Law Offices of William C. Ruggiero, Attorneys for Plaintiff, 200 South Andrews Avenue, Suite 703, Fort Lauderdale, Florida 33301 (ruggiero@wcrlaw.com).

*/s/ Christine M. Manzo*
CHRISTINE M. MANZO