# COMPOSITE EXHIBIT "C"



Is your court hearing being held via Zoom? Learn more about Remote Court Hearings by Zoom (/GeneralInformation/Miscellaneous#RemoteHearingsbyZoom)

# Case Detail - Public

 Print

## Miriam C. Lopez Plaintiff vs. Sam's West, Inc. Defendant

**Broward County Case Number:** CACE22004099
**State Reporting Number:** 062022CA004099AXXXCE
**Court Type:** Civil
**Case Type:** Neg - Premises Liability Commercial
**Incident Date:** N/A
**Filing Date:** 03/18/2022
**Court Location:** Central Courthouse
**Case Status:** Pending
**Magistrate Id / Name:** N/A
**Judge ID / Name:** 09 Levenson, Jeffrey R.

### Party(ies)

Total: 2

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address<br>★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Lopez, Miriam C.** | | ★ Ruggiero, William C<br>Retained<br>Bar ID: 878499<br>200 S Andrews AVE<br>STE 703<br>Fort Lauderdale, FL 33301<br>**Status: Active** |
| Defendant | **Sam's West, Inc.** | | ★ Manzo, Christine M<br>Retained<br>Bar ID: 52121<br>Liebler, Gonzalez & Portuondo<br>Courthouse Tower, 25th Floor<br>44 West Flagler Street<br>Miami, FL 33130<br>**Status: Active**<br><br>Neville, Nicholas G.<br>Retained<br>Bar ID: 123893<br>LIEBLER, GONZALEZ & PORTUONDO<br>Courthouse Tower - 25th Floor<br>44 W Flagler St<br>Miami, FL 33130<br>**Status: Active** |

## ➖ Disposition(s)

Total: 0

| Date | Statistical Closure(s) | | |
|---|---|---|---|

| Date | Disposition(s) | View | Page(s) |
|---|---|---|---|

## ➖ Event(s) & Document(s)

Total: 11

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|
| 04/04/2022 | **Reply to Affirmative Defenses** | | 📄 | 1 |

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 04/04/2022 | **Notice of Service of Interrogs** | | 📄 | 11 |
| 04/04/2022 | **Request for Production** | | 📄 | 2 |
| 03/31/2022 | **Answer & Affirmative Defenses** | TO FIRST AMENDED COMPLAINT<br>Party: *Defendant* Sam's West, Inc. | 📄 | 7 |
| 03/28/2022 | **Notice of Appearance** | SAM'S EAST, INC<br>Party: *Defendant* Sam's West, Inc. | 📄 | 2 |
| 03/28/2022 | **Notice of Filing Designation of Emailing Addresses** | Party: *Defendant* Sam's West, Inc. | 📄 | 2 |
| 03/28/2022 | **Amended Complaint** | Party: *Plaintiff* Lopez, Miriam C. | 📄 | 3 |
| 03/18/2022 | **Per AOSC20-23 Amd12, Case is determined General** | | | |
| 03/18/2022 | **Civil Cover Sheet** | Amount: $50,001.00 | 📄 | 3 |
| 03/18/2022 | **Complaint (eFiled)** | FOR DAMAGES<br>Party: *Plaintiff* Lopez, Miriam C. | 📄 | 3 |
| 03/18/2022 | **eSummons Issuance** | Party: *Defendant* Sam's West, Inc. | 📄 | 1 |

---

| – Hearing(s) | | | Total: 0 |
|---|---|---|---|

**There is no Disposition information available for this case.**

---

| – Related Case(s) | | | Total: 0 ⌃ |
|---|---|---|---|

**There is no related case information available for this case.**

# Brenda D. Forman

## Clerk of Court

Broward County
17th Judicial Circuit

MORE ABOUT THE CLERK (/ABOUTUS/ABOUTTHEOFFICE#ABOUTTHECLERK)                              ›

 (https://www.facebook.com/browardclerkofcourts/)

## Connect with Us

COURTHOUSE LOCATIONS (/ABOUTUS/HOURSANDLOCATIONS#COURTHOUSELOCATIONS)                       ›

CONTACT US (/ABOUTUS/ABOUTTHEOFFICE#CONTACTUS)                                             ›

DISCLAIMER AGREEMENT (/GENERALINFORMATION/MISCELLANEOUS#DISCLAIMERAGREEMENT)               ›

CLERK DIRECTORY (/ABOUTUS/HOURSANDLOCATIONS#CLERKDIRECTORY)                                ›

TELL US WHAT YOU THINK (/MISCELLANEOUS/CLERKSURVEYS)                                       ›

## Accessibility & Support

ADA NOTICE (/GENERALINFORMATION/MISCELLANEOUS#ADA)                                         ♿

PRINT                                                                                     🖶

FREQUENTLY ASKED QUESTIONS (HTTPS://WWW.BROWARDCLERK.ORG//WEB2/CASESEARCHECA/FREQUENTQUESTIONS/)

GLOSSARY OF TERMS (HTTPS://WWW.BROWARDCLERK.ORG//WEB2/CASESEARCHECA/GLOSSARY/)             »

## Main Courthouse Location

201 SE 6th Street

Fort Lauderdale
Florida, US 33301
Phone: (954) 831-6565

˄

PUBLIC RECORDS CUSTODIAN (/GENERALINFORMATION/MISCELLANEOUS#PUBLICRECORDSCUSTODIAN) ›

*PURSUANT TO 119.12(2), F.S.*

PUBLIC ACCESS TO JUDICIAL RECORDS (/GENERALINFORMATION/MISCELLANEOUS#JUDICIALRECORDRULE) ›

*PURSUANT TO RULE 2.420*

Under Florida law, email addresses are public records. If you do not want your email address released in response to a public records request, do not send electronic mail to this entity.

Instead, contact this office by phone or in writing.

© 2022 - All rights reserved

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO.

**MIRIAM C. LOPEZ,**

        Plaintiff,

vs.                                *CIVIL ACTION SUMMONS*

**SAM'S WEST, INC.,**

        Defendant.
_____/

**THE STATE OF FLORIDA:**

TO EACH SHERIFF OF THE STATE:

**YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint
in this lawsuit on Defendant:

                      **SAM'S WEST, INC.**
      **By serving CT Corporation System, Registered Agent**
              **1200 South Pine Island Road**
               **Plantation, Florida 33324**

Each Defendant is required to serve written defenses to the Complaint or Petition on
Plaintiff's attorney, to wit:

            **WILLIAM C. RUGGIERO, ESQUIRE**
               **Museum Plaza, Suite 703**
             **200 South Andrews Avenue**
            **Fort Lauderdale, Florida  33301**
                **(954) 462-2300**
          **Email:  Ruggiero@wcrlaw.com**

within 20 days after service of this Summons on that Defendant, exclusive of the day of
service, and to file the original of the defenses with the Clerk of this Court, Broward County
Courthouse, 201 S.E. 6th Street, Fort Lauderdale, Florida 33301, either before service on
Plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be
entered against that Defendant for the relief demanded in the Complaint or Petition.

**DATED ON** _____ , 2022.
            MAR 21 2022

                                BRENDA D. FORMAN
                                as Clerk of said Court

(SEAL)                           BY: _____

WCR:am                              Deputy Clerk
March 18, 2022

                                        **BRENDA D. FORMAN**

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

**MIRIAM C. LOPEZ,**

        Plaintiff,

vs.

**SAM'S WEST, INC.,**

        Defendant.

_____/

## COMPLAINT FOR DAMAGES

        COMES NOW the Plaintiff, MIRIAM C. LOPEZ, by and through undersigned counsel and sues the Defendant, SAM'S WEST, INC., and alleges as follows:

        1.      That this is an action for damages in excess of Thirty Thousand ($30,000.00) Dollars.

        2.      That the Plaintiff, MIRIAM C. LOPEZ, at all times material and relevant hereto was a resident of the city of Doral, Miami-Dade County and is sui juris.

        3.      That the Defendant, SAM'S WEST, INC., is and has been at all times material hereto licensed to do business in the State of Florida.

        4.      That on or about July 14, 2021 the Plaintiff, MIRIAM C. LOPEZ, was lawfully on the premises of the Defendant, SAM'S WEST, INC., located at 950 N University Drive, Coral Springs, Florida 33071, as a business invitee.

        5.      That on or about July 14, 2021 the Defendant, SAM'S WEST, INC., by and through its agents, employees, and/or servants, had exclusive dominion, possession and control of the premises.

6.　　　That on or about July 14, 2021 the Defendant, SAM'S WEST, INC., by and through its agents, employees, and/or servants, negligently and carelessly maintained the above mentioned premises, to-wit:  The Plaintiff, MIRIAM C. LOPEZ, slipped and fell on dirty slippery substance on the floor on the Defendant's premises located at 950 N University Drive, Coral Springs, Florida 33071, causing the Plaintiff serious injury.

7.　　　That the Defendant, SAM'S WEST, INC., either knew or should have known of the existence of the dangerous condition of the common area and should have taken steps to warn the Plaintiff, MIRIAM C. LOPEZ, of the existence of the dangerous condition.

8.　　　That the Defendant, SAM'S WEST, INC., had a non-delegable duty to maintain the common areas in a reasonably safe and proper condition for the general public.

9.　　　That the Defendant failed to maintain said common areas in a safe and proper condition.

10.　　　That the Defendant, SAM'S WEST, INC., was negligent in creating or permitting the aforementioned dangerous and hazardous condition to remain upon the premises, rendering said premises dangerous and unsafe for the Plaintiff.

11.　　　That the Defendant, SAM'S WEST, INC.,  failed to warn the Plaintiff, MIRIAM C. LOPEZ, of the aforementioned condition and the risk involved in as much as the presence of the Plaintiff, MIRIAM C. LOPEZ, was known or reasonably foreseeable by the Defendant, SAM'S WEST, INC., and the Plaintiff, MIRIAM C. LOPEZ, neither knew nor should have known of said condition and risk by the use of reasonable care.

12.　　　That as a result of the Defendant's negligence, Plaintiff, MIRIAM C. LOPEZ, was severely injured.

13.     That as a direct and proximate result of the negligence of the Defendant, SAM'S WEST, INC., the Plaintiff, MIRIAM C. LOPEZ, was injured in and about her body and extremities, suffered pain therefrom, suffered physical handicap, lost wages, loss of ability to earn money in the past and in the future, aggravation of a previously existing condition and suffered the inability to lead a normal life; all of which are permanent and continuing in nature.

14.     In addition, as a direct and proximate result of the Defendant, SAM'S WEST, INC., the Plaintiff, MIRIAM C. LOPEZ, incurred medical expenses in the treatment of injuries and will continue to incur said expenses in the future.

WHEREFORE, Plaintiff demands judgment for damages against the Defendant, SAM'S WEST, INC., and a trial by jury of all issues triable as a right by a jury.

DATED this 18th day of March, 2022.

Respectfully submitted,

LAW OFFICES OF WILLIAM C. RUGGIERO
Attorneys for Plaintiff
Museum Plaza, Suite 703
200 South Andrews Avenue
Fort Lauderdale, Florida  33301
Phone:  (954) 462-2300
Email:  Ruggiero@wcrlaw.com


BY:    /s/ *William C. Ruggiero*
        WILLIAM C. RUGGIERO
        Florida Bar No. 878499

WCR:am

Case 0:22-cv-60780-WPD   Document 1-4   Entered on FLSD Docket 04/22/2022   Page 11 of 41
Filing # 146008890 E-Filed 03/18/2022 03:11:54 PM

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>Miriam C. Lopez</u>
Plaintiff                                                    Case # _____
                                                             Judge _____

vs.

<u>Sam's West, Inc.</u>
 Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐  $8,000 or less
- ☐  $8,001 - $30,000
- ☐  $30,001- $50,000
- ☒  $50,001- $75,000
- ☐  $75,001 - $100,000
- ☐  over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 03/18/2022 03:11:52 PM.****

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☒ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  1

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ William C. Ruggiero      Fla. Bar # 878499
    Attorney or party           (Bar # if attorney)

William C. Ruggiero         03/18/2022
 (type or print name)        Date

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.  22-004099 CACE

**MIRIAM C. LOPEZ,**

           Plaintiff,

vs.


**SAM'S EAST, INC.,**

           Defendant.
_____/

## <u>FIRST AMENDED COMPLAINT FOR DAMAGES</u>

       COMES NOW the Plaintiff, MIRIAM C. LOPEZ, by and through undersigned counsel and sues the Defendant, SAM'S EAST, INC., and alleges as follows:

       1.     That this is an action for damages in excess of Thirty Thousand ($30,000.00) Dollars.

       2.     That the Plaintiff, MIRIAM C. LOPEZ, at all times material and relevant hereto was a resident of the city of Doral, Miami-Dade County and is sui juris.

       3.     That the Defendant, SAM'S EAST, INC., is and has been at all times material hereto licensed to do business in the State of Florida.

       4.     That on or about July 14, 2021 the Plaintiff, MIRIAM C. LOPEZ, was lawfully on the premises of the Defendant, SAM'S EAST, INC., located at 950 N University Drive, Coral Springs, Florida 33071, as a business invitee.

       5.     That on or about July 14, 2021 the Defendant, SAM'S EAST, INC., by and through its agents, employees, and/or servants, had exclusive dominion, possession and control of the premises.

NOT AN OFFICIAL COPY – PUBLIC ACCESS

6.      That on or about July 14, 2021 the Defendant, SAM'S EAST, INC., by and through its agents, employees, and/or servants, negligently and carelessly maintained the above mentioned premises, to-wit:  The Plaintiff, MIRIAM C. LOPEZ, slipped and fell on dirty slippery substance on the floor on the Defendant's premises located at 950 N University Drive, Coral Springs, Florida 33071, causing the Plaintiff serious injury.

7.      That the Defendant, SAM'S EAST, INC., either knew or should have known of the existence of the dangerous condition of the common area and should have taken steps to warn the Plaintiff, MIRIAM C. LOPEZ, of the existence of the dangerous condition.

8.      That the Defendant, SAM'S EAST, INC., had a non-delegable duty to maintain the common areas in a reasonably safe and proper condition for the general public.

9.      That the Defendant failed to maintain said common areas in a safe and proper condition.

10.      That the Defendant, SAM'S EAST, INC., was negligent in creating or permitting the aforementioned dangerous and hazardous condition to remain upon the premises, rendering said premises dangerous and unsafe for the Plaintiff.

11.      That the Defendant, SAM'S EAST, INC.,  failed to warn the Plaintiff, MIRIAM C. LOPEZ, of the aforementioned condition and the risk involved in as much as the presence of the Plaintiff, MIRIAM C. LOPEZ, was known or reasonably foreseeable by the Defendant, SAM'S EAST, INC., and the Plaintiff, MIRIAM C. LOPEZ, neither knew nor should have known of said condition and risk by the use of reasonable care.

12.      That as a result of the Defendant's negligence, Plaintiff, MIRIAM C. LOPEZ, was severely injured.

13.     That as a direct and proximate result of the negligence of the Defendant, SAM'S EAST, INC., the Plaintiff, MIRIAM C. LOPEZ, was injured in and about her body and extremities, suffered pain therefrom, suffered physical handicap, lost wages, loss of ability to earn money in the past and in the future, aggravation of a previously existing condition and suffered the inability to lead a normal life; all of which are permanent and continuing in nature.

14.     In addition, as a direct and proximate result of the Defendant, SAM'S EAST, INC., the Plaintiff, MIRIAM C. LOPEZ, incurred medical expenses in the treatment of  injuries and will continue to incur said expenses in the future.

WHEREFORE, Plaintiff demands judgment for damages against the Defendant, SAM'S EAST, INC., and a trial by jury of all issues triable as a right by a jury.

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was emailed this 28th day of March, 2022 to: **Christine  M. Manzo, Esquire, and Nicholas G. Neville, Esquire,** Liebler, Gonzalez  & Portuondo, Courthouse Tower - 25th floor,  44  West  Flagler  Street,  Miami,  Florida  33130,  (305)  379-0400,  Email: service@lgplaw.com;  cmm@lgplaw.com;  ngn@lgplaw.com;  sgs@lgplaw.com; ars@lgplaw.com; kfm@lgplaw.com.

Respectfully submitted,

LAW OFFICES OF WILLIAM C. RUGGIERO
Attorneys for Plaintiff
Museum Plaza, Suite 703
200 South Andrews Avenue
Fort Lauderdale, Florida  33301
Phone:  (954) 462-2300
Email:  Ruggiero@wcrlaw.com

BY:     /s/ *William C. Ruggiero*
WILLIAM C. RUGGIERO
Florida Bar No. 878499

WCR:am

**IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA**
*(CIVIL DIVISION)*

MIRIAM C. LOPEZ,                              CASE NO.: CACE-22-004099

        Plaintiff,

v.

SAM'S WEST, INC.,

        Defendant.

_____/

**DESIGNATION OF E-MAIL ADDRESSES PURSUANT TO RULE 2.516**

The undersigned law firm hereby designates, pursuant to Rule 2.516, the following e-mail

address for the purpose of service of all documents required to be served pursuant to Rule 2.516

in this proceeding:

Primary E-Mail Address:     service@lgplaw.com

Secondary E-Mail Addresses: cmm@lgplaw.com    ngn@lgplaw.com    sgs@lgplaw.com

                              ars@lgplaw.com    kfm@lgplaw.com

                       Respectfully submitted,

                       **LIEBLER, GONZALEZ & PORTUONDO**
                       *Attorneys for Defendant*
                       Courthouse Tower - 25th Floor
                       44 West Flagler Street
                       Miami, FL 33130
                       (305) 379-0400
                       service@lgplaw.com

       By:    */s/ Christine M. Manzo*_____
                 CHRISTINE M. MANZO
                 Florida Bar No. 52121
                 NICHOLAS G. NEVILLE
                 Florida Bar No. 123893

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

CASE NO.: CACE-22-004099

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this <u>28th</u> day of March, 2022, I electronically filed the foregoing with the Clerk of Courts by using the Florida Courts E-filing Portal which will send a notice of electronic filing to the following: **William C. Ruggiero, Esq.** (ruggiero@wcrlaw.com), Law Offices of William C. Ruggiero, *Attorneys for Plaintiff*, 200 South Andrews Avenue, Suite 703, Fort Lauderdale, FL 33301

*/s/ Christine M. Manzo*
CHRISTINE M. MANZO

# IN THE CIRCUIT COURT OF THE
## 17TH JUDICIAL CIRCUIT IN AND FOR
### BROWARD COUNTY, FLORIDA
#### *(CIVIL DIVISION)*

MIRIAM C. LOPEZ,                                        CASE NO.: CACE-22-004099

        Plaintiff,

v.

SAM'S WEST, INC.,

        Defendant.

_____/

## NOTICE OF APPEARANCE

**PLEASE TAKE NOTICE** that the law firm LIEBLER, GONZALEZ & PORTUONDO**,**

enters its appearance as counsel for SAM'S EAST, INC. incorrectly named as SAM'S WEST,

INC. in these proceedings. All parties are requested to take notice of the appearance of undersigned

counsel and to serve all copies of any and all motions, orders, pleadings, papers, reports, and/or

documents of any kind or nature upon the undersigned counsel.

        Respectfully submitted,

        **LIEBLER, GONZALEZ & PORTUONDO**
        *Attorneys for Defendant*
        Courthouse Tower - 25th Floor
        44 West Flagler Street
        Miami, FL 33130
        (305) 379-0400
        service@lgplaw.com

By:   */s/ Christine M. Manzo*_____
       CHRISTINE M. MANZO
       Florida Bar No. 52121
       NICHOLAS G. NEVILLE
       Florida Bar No. 123893

CASE NO.: CACE-22-004099

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 28th  day of March, 2022, I electronically filed the foregoing with the Clerk of Courts by using the Florida Courts E-filing Portal which will send a notice of electronic filing to the following: **William C. Ruggiero, Esq.** (ruggiero@wcrlaw.com), Law Offices of William C. Ruggiero, *Attorneys for Plaintiff*, 200 South Andrews Avenue, Suite 703, Fort Lauderdale, FL 33301.

*/s/ Christine M. Manzo*
CHRISTINE M. MANZO

**IN THE CIRCUIT COURT OF THE**
**17TH JUDICIAL CIRCUIT IN AND FOR**
**BROWARD COUNTY, FLORIDA**
***(CIVIL DIVISION)***

MIRIAM C. LOPEZ,                                      CASE NO.: 22-004099 CACE

                    Plaintiff,

v.

SAM'S EAST, INC.,

                    Defendant.

_____/

<u>**SAM'S EAST, INC.'S ANSWER AND AFFIRMATIVE**</u>
<u>**DEFENSES TO FIRST AMENDED COMPLAINT**</u>

Defendant, SAM'S EAST, INC. ("Defendant"), through undersigned counsel, files its

Answer and Affirmative Defenses to Plaintiff's, MIRIAM C. LOPEZ ("Plaintiff"), First Amended

Complaint, denies all allegations not specifically admitted herein and states the following:

<u>**FIRST AMENDED COMPLAINT FOR DAMAGES**</u>

1.      Defendant admits that Plaintiff is seeking damages in excess of $30,000.00, but

denies that Plaintiff is entitled to any damages, let alone a sum in excess of $30,000.00.

2.      Defendant admits that Plaintiff alleges that she is a resident of Miami-Dade County,

Florida.

3.      Defendant admits that it is a foreign corporation with its principal place of business

in Arkansas.

4.      Paragraph 4 calls for a legal conclusion and no response is required. To the extent

that a response is required, Defendant denies the allegations.

5.      Defendant admits that it owns the subject property.

CASE NO.: 22-004099 CACE

6.      Defendant denies the allegations in Paragraph 6 of the Amended Complaint, and demands strict proof thereof.

7.      Defendant denies the allegations in Paragraph 7 of the Amended Complaint, and demands strict proof thereof.

8.      Defendant denies the allegations in Paragraph 8 of the Amended Complaint, and demands strict proof thereof.

9.      Defendant denies the allegations in Paragraph 9 of the Amended Complaint, and demands strict proof thereof.

10.     Defendant denies the allegations in Paragraph 10 of the Amended Complaint, and demands strict proof thereof.

11.     Defendant denies the allegations in Paragraph 11 of the Amended Complaint, and demands strict proof thereof.

12.     Defendant denies the allegations in Paragraph 12 of the Amended Complaint, and demands strict proof thereof.

13.     Defendant denies the allegations in Paragraph 13 of the Amended Complaint, and demands strict proof thereof.

14.     Defendant denies the allegations in Paragraph 14 of the Amended Complaint, and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

1.      **No Duty.** Defendant did not owe any duty to Plaintiff.

2.      **No Breach of Duty.** While denying all of the allegations of the Amended Complaint regarding liability, injuries and damages allegedly sustained by Plaintiff, to the extent that Plaintiff may be able to prove any such damages, Defendant states that such damages, if any,

2

CASE NO.: 22-004099 CACE

arose out of some event or exposure over which Defendant had no control or right to control. At all times relevant thereto, the allegedly dangerous condition referred to by Plaintiff in the Amended Complaint, was neither created by Defendant nor did said condition exist upon the premises for a sufficient length of time that Defendant should have discovered said condition and corrected it or warned Plaintiff as to the existence of said condition. Therefore, Defendant did not breach any duty owed to Plaintiff.

3. **Reasonableness.** Defendant acted in a reasonable manner under the circumstances.

4. **Comparative Negligence.** If Plaintiff sustained damages by reason of the matters alleged in the Amended Complaint, and said damages were caused in whole or in part by Plaintiff's own negligence, then Plaintiff is subject to the doctrine of comparative negligence, where Plaintiff's recovery will be diminished by an amount equal to Plaintiff's negligence, pursuant to Fla. Stat. §768.81(5). *See Hoffman v. Jones*, 280 So. 2d. 431 (Fla. 1973). Accordingly, Defendant affirms that it is entitled to the procedures, protections and benefits of §768.81, and asserts that all damages should be apportioned based upon the fault of any and all persons and/or entities who may be at fault Plaintiff's alleged damages, if any. *See Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993). Defendant states it is only responsible for its relative degree of culpability as determined by the trier of fact, pursuant to Florida Statute §768.81 and the Fabre doctrine. Defendant reserves the right to identify on the verdict form at this trial any non-party who is alleged to be wholly or partly negligent for Plaintiff's damages.

5. **Failure to Use Reasonable Care.** If Plaintiff sustained damages as alleged in the Amended Complaint, then Plaintiff failed and neglected to use reasonable care to protect herself, and to minimize and mitigate the losses and damages complained of in the Amended Complaint.

**LIEBLER GONZALEZ & PORTUONDO**
Courthouse Tower, 25th Floor 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

CASE NO.: 22-004099 CACE

6.      **Assumption of Risk.** Plaintiff knew of the existence of the danger complained of, realized and appreciated the possibility of injury, and having a reasonable opportunity to avoid it, voluntarily exposed herself to the danger.

7.      **Plaintiff Had Actual or Constructive Knowledge.** Plaintiff had actual or constructive knowledge of the allegedly dangerous condition, which was equal to or greater than Defendant's knowledge of said condition, wherefore and under these circumstances, Defendant is not liable.

8.      **Open and Obvious Peril.** The condition that Plaintiff complains of in the Amended Complaint was open and obvious. Therefore, Defendant did not have a duty to warn Plaintiff of the condition.

9.      **Superseding Cause.** Plaintiff's alleged damages, if any, resulted from new and independent, unforeseeable, superseding, and/or intervening causes unrelated to any conduct of Defendant.

10.     **Proximate Cause.** While denying all of the allegations of Plaintiff's Amended Complaint regarding liability, injury, and damages allegedly sustained by Plaintiff, to the extent that Plaintiff may be able to prove any negligence or fault on the part of Defendant, it was not the proximate cause of any of the damages at issue in the Amended Complaint.

11.     **Failure to Mitigate Damages.** Plaintiff failed to mitigate, minimize, or avoid all or a portion of the damages which comprise Plaintiff's claims.

12.     **Failure to State Cause of Action.** Plaintiff's Amended Complaint fails to state a cause of action.

13.     **Set-Off.** Defendant is entitled to a set-off for any collateral source payment, as expressed in Florida Statutes §768.76, that has been paid or are payable to or on behalf of

4

CASE NO.: 22-004099 CACE

Plaintiff, including a set off of any contractual discount of medical bills or expenses, negotiated write off of medical bills or expenses, or negotiated agreement to pay medical bills or other expenses in the future pursuant to the law of collateral source setoffs and *Goble v. Frohman*, 848 So. 2d 406 (Fla. 2d DCA 2003). Alternatively, Plaintiff is not entitled to claim bills, costs or expenses assessed but waived or not actually incurred by Plaintiff.

14.     **Release of Claim.** To the extent Plaintiff signed any release or covenant not to sue, or accepted any money or consideration from any person, firm or entity with regard to the alleged incident, Defendant is entitled to the benefit thereof, such that Defendant's liability or responsibility for any damages determined by a jury, if any, is reduced or extinguished thereby.

15.     **Defendant Did Not Have Actual or Constructive Knowledge.** Defendant had no actual or constructive knowledge of the conditions that Plaintiff complains of.

16.     **Damages.** Without otherwise admitting to the validity of the allegations set forth in the Amended Complaint, Defendant asserts that Plaintiff cannot recover for medical expenses where Plaintiff failed to prove the reasonableness and necessity of the purported medical expenses and/or that said medical expenses are related to the alleged incident.

17.     **Collateral Sources.** Without otherwise admitting the validity of the allegations set forth in the Amended Complaint, Defendant asserts that Plaintiff was the recipient of benefits from private health insurance and/or collateral sources and, therefore, Defendant is entitled to a set-off or a reduction of such sums received against any amount of verdict award that may be entered against Defendant. Plaintiff should not be entitled to recover any damages which would have been avoided had Plaintiff, or any medical provider who accepted assignment, mitigated same by submitting any bills for payment to health insurance or benefits, which would have resulted in reductions of amounts due.

**LIEBLER GONZALEZ & PORTUONDO**
Courthouse Tower, 25th Floor 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

CASE NO.: 22-004099 CACE

18.    **Any Alleged Damages to be Reduced to Actual Cost of Care.** Without otherwise admitting the validity of the allegations set forth in the Amended Complaint, Defendant asserts that medical benefits of private insurance carriers and/or government benefits (including but not limited to Medicare, Medicaid or other government entity benefit) should limit the amount that a plaintiff can board at trial to that amount which accurately reflects the actual cost of care, e.g. the amount of any lien, less any contractual reductions and/or write downs taken by any health insurance carrier or government health benefits. Defendant asserts a right of reduction and that it is improper to provide a jury with factually incorrect evidence upon which they are to base their verdict.

Defendant reserves the right to add more affirmative defenses as discovery is ongoing.

**WHEREFORE**, Defendant, SAM'S EAST, INC., demands judgment in its favor and against Plaintiff, MIRIAM C. LOPEZ, and for any other or further relief this Court deems just and proper

### DEMAND FOR JURY TRIAL

Defendant, SAM'S EAST, INC., demands trial by jury of all issues by right so triable.

Respectfully submitted,

**Liebler Gonzalez & Portuondo**
*Attorneys for Defendant*
Courthouse Tower
25th Floor 44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By: */s/ Christine M. Manzo*
    CHRISTINE M. MANZO
    Florida Bar No. 52121

6

CASE NO.: 22-004099 CACE

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of March, 2022, I electronically filed the foregoing with the Clerk of Courts by using the Florida Courts E-filing Portal which will send a notice of electronic filing to the following: **William C. Ruggiero** (Ruggiero@wcrlaw.com), LAW OFFICES OF WILLIAM C. RUGGIERO, *Attorneys for Plaintiff*, 200 South Andrews Avenue, Museum Plaza, Suite 703, Fort Lauderdale, Florida 33301.

/s/ Christine M. Manzo
CHRISTINE M. MANZO

**LIEBLER GONZALEZ & PORTUONDO**
Courthouse Tower, 25th Floor 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:  22-004099 CACE 01

**MIRIAM C. LOPEZ,**

   Plaintiff,

vs.

**SAM'S EAST, INC.,**

   Defendant.

_____/

## <u>REQUEST FOR PRODUCTION</u>

  The Plaintiff, MIRIAM C. LOPEZ, by and through her undersigned counsel, and pursuant to the applicable Rules of Civil Procedure, requests the Defendant, SAM'S EAST, INC., to produce copies of the following within thirty (30) days from the emailing of this Request at the offices of WILLIAM C. RUGGIERO:

  1. Any and all statements of the Plaintiff and/or Plaintiff's agents.

  2. All photographs in the possession of the Defendant, its agents, or attorneys of the accident scene and the persons involved.

  3. Any and all photographs and/or movies of the Plaintiff resulting from surveillance and/or investigation of the Plaintiff.

  4. Copy of the incident or accident report prepared in response to the within accident.

  5. Any and all incident/accident reports for accidents during the two years preceding this accident that have occurred in the same general location and which are of the same general type of accident as the accident complained of in the within suit.

  6. Any and all maintenance and/or cleaning or inspection records during the one week preceding this accident for the particular area of the store/premises/building involved in the within accident.

7.     Any and all safety manuals, safety brochures, training films or manuals, pamphlets, posters, films or their transcript bearing upon safety, customer safety, cleanliness and maintenance of the area where the accident occurred.

8.     Any and all letters, complaints, telephonic messages etc., concerning the condition of the area where the Plaintiff fell during the one year preceding this accident and the one year subsequent to this accident.

9.     All documents that reflect the periodic inspection process on the day of the incident which is the subject matter of this lawsuit.

10.     Any and all video footage of the premises on the date of accident from one hour prior to the time of this accident to one hour subsequent to the time of this accident.

*NOTE*:  **If an objection to the production of any of the above requests are based on a privilege, please provide a concise privilege log.**

I HEREBY CERTIFY that a true and correct copy of the foregoing was emailed this <u>4th day of April, 2022</u> to: **Christine  M. Manzo, Esquire, and Nicholas G. Neville, Esquire,** Liebler, Gonzalez  & Portuondo, Courthouse Tower - 25th floor, 44 West Flagler Street, Miami, Florida 33130, (305)  379-0400, Email: service@lgplaw.com; cmm@lgplaw.com;  ngn@lgplaw.com;  sgs@lgplaw.com;  ars@lgplaw.com; kfm@lgplaw.com.

Respectfully submitted,

LAW OFFICES OF WILLIAM C. RUGGIERO
Attorneys for Plaintiff
Museum Plaza, Suite 703
200 South Andrews Avenue
Fort Lauderdale, Florida  33301
Phone: (954) 462-2300
Email: Ruggiero@WCRlaw.com

BY:    /s/ *William C. Ruggiero*
WILLIAM C. RUGGIERO
Florida Bar No. 878499

WCR:am

Filing # 146972356 E-Filed 04/04/2022 12:02:40 PM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:  22-004099 CACE 01

**MIRIAM C. LOPEZ,**

                Plaintiff,

vs.

**SAM'S EAST, INC.,**

                Defendant.

_____/

## SLIP AND FALL INTERROGATORIES
## TO DEFENDANT, SAM'S EAST, INC.

      The Plaintiff, MIRIAM C. LOPEZ, by and through her undersigned counsel, propounds the attached Interrogatories to the Defendant, SAM'S EAST, INC., and requests the same be answered separately and fully in writing under oath, within the time and manner prescribed by Florida Rule of Civil Procedure 1.340.

      I HEREBY CERTIFY that a true and correct copy of the foregoing was emailed this <u>4th day of April, 2022</u> to: **Christine  M. Manzo, Esquire, and Nicholas G. Neville, Esquire,** Liebler, Gonzalez & Portuondo, Courthouse Tower - 25th floor, 44 West Flagler Street, Miami, Florida 33130, (305) 379-0400, Email: service@lgplaw.com; cmm@lgplaw.com; ngn@lgplaw.com; sgs@lgplaw.com; ars@lgplaw.com; kfm@lgplaw.com.

                        Respectfully submitted,

                        LAW OFFICES OF WILLIAM C. RUGGIERO
                        Attorneys for Plaintiff
                        Museum Plaza, Suite 703
                        200 South Andrews Avenue
                        Fort Lauderdale, Florida  33301
                        Phone: (954) 462-2300
                        Email: Ruggiero@wcrlaw.com

                BY:    /s/ *William C. Ruggiero*
                        WILLIAM C. RUGGIERO
                        Florida Bar No. 878499

WCR:am

## <u>SLIP AND FALL INTERROGATORIES TO DEFENDANT</u>

1.    What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.    Describe in detail how the incident described in the complaint happened, including all actions taken by you or an agent of the Defendant, to prevent the incident.

3.    Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

4.      Was an incident report prepared for this incident?  If so, list the name and address of the person preparing the report.

5.      Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in Plaintiff's complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

6.      State the facts upon which you rely for each affirmative defense in your answer.

7.    Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit?  If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.



8.    List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

9.    List the names and addresses of all witnesses to the subject accident.

10.   List the names and addresses of all employees who investigated this accident and/or assisted the Plaintiff and/or reported to the scene of the subject accident.

11.   Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit?  If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place and substance of each statement.

12.   State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

13.   Were photographs of the incident and/or Plaintiff taken by you or any Defendant representative?  If so, please state how many and the name and last known address of the person who took the photographs.

14.   Do you intend to call any expert witnesses at the trial of this case?  If so, state as to each such witness the name and business address of the witness , the witness' qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

15.   State for the two (2) years prior to the incident herein sued upon, the names and addresses of any and all persons who have claimed injuries as a result of incidents occurring upon the subject premises, and for each such name also state:

        (a)    The date of each occurrence;

(b)    Nature of injury alleged to have been suffered;

(c)    Whether the claimant contended in any manner that such occurrence was caused in whole or part by a dangerous or defective condition or any negligence of the Defendant on the subject premises;

(d)    The name and address of the claimant's attorney;

(e)    Whether a lawsuit was filed, and if so, the case number and county where filed;

(f)    Whether or not any written reports of the subject accident were prepared, and if so, the name and address of the person preparing same;

(g)    Whether or not <u>any</u> photographs were taken as a result of the incident complained of, and if so

        (1)    The name and address of the person taking said photographs;

(2)     The date and time the photographs were taken;

(3)     A description of what said photographs depict;

(4)     The number of photographs;

(5)     Whether said photographs were taken as a result
of store policy.

16.     Please state whether, prior to the subject incident, you transmitted any warning, of whatever nature or description, to Plaintiff in regard to Plaintiff's use or occupancy of the subject premises.

17.     Please state whether there existed, prior to the incident which is the subject of the Plaintiff's complaint, any procedure or program for the regular inspection of the subject premises, which such procedure or program was designed to identify and/or discover potential hazards to the users of the premises hereof.

18.    If your answer to the foregoing interrogatory was in the affirmative, please further set forth a general description of each such procedure or program, the regularity with which each such procedure or program was to be implemented or conducted, if applicable, whether such procedure and/or program was reduced to a writing and, if so, please provide the identity of the present custodian of each such writing, accompanied by descriptive nomenclature sufficient to identify each such writing in a motion to produce, the name, business and residence address, and telephone number of the present custodian of any writing identified in your answer to the foregoing subpart to this interrogatory.

19.    Please state the name, business and residence address, and telephone number of the person or entity who was the owner of the subject premises as of the date of the incident which is alleged in Plaintiff's complaint on file herein.

20.    If the owner identified in your answer to the foregoing interrogatory was not also the regular operator or occupant of the premises, please further identify the regular occupant or operator of the premises.

21.   Please identify, by name, business and residence address, and telephone number, each and every person who was responsible for the maintenance and/or repair of the subject premises as of the date of the incident which is alleged in the Plaintiff's complaint.

22.   Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

23.   Please provide the name(s), address and work schedule of all of your employees or agents whose duty it was/is to conduct the periodic inspection/investigation of the premises on the day of the incident.

_____

Print Name:_____

STATE OF FLORIDA  )

                    )SS

COUNTY OF          )

On this day personally appeared before me _____, who

after being duly sworn under oath, avers and says that _____ has read the above and

foregoing Answers to Interrogatories and that they are true and correct.

Sworn to and subscribed before me this ____ day of _____, 2022.

_____

NOTARY PUBLIC
State of Florida at large

My Commission Expires:

_____

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:  22-004099 CACE 01

**MIRIAM C. LOPEZ,**

        Plaintiff,

vs.

**SAM'S EAST, INC.,**

        Defendant.

_____/

## REPLY TO AFFIRMATIVE DEFENSES

        COMES NOW the Plaintiff, MIRIAM C. LOPEZ, by and through her undersigned counsel and replies to the Defendant, SAM'S EAST, INC.'s, Affirmative Defenses as follows:

        1.    Each and every allegation contained in the Defendant's Affirmative Defenses is hereby denied.

        I HEREBY CERTIFY that a true and correct copy of the foregoing was emailed this 4th day of April, 2022 to: **Christine M. Manzo, Esquire, and Nicholas G. Neville, Esquire,** Liebler, Gonzalez & Portuondo, Courthouse Tower - 25th floor, 44 West Flagler Street, Miami, Florida 33130, (305) 379-0400, Email: service@lgplaw.com; cmm@lgplaw.com; ngn@lgplaw.com; sgs@lgplaw.com; ars@lgplaw.com; kfm@lgplaw.com.

                LAW OFFICES OF WILLIAM C. RUGGIERO
                Attorney for Plaintiff
                Museum Plaza, Suite 703
                200 South Andrews Avenue
                Fort Lauderdale, Florida  33301
                Phone: (954) 462-2300
                Email:  Ruggiero@wcrlaw.com


        BY:    /s/ William C. Ruggiero
                WILLIAM C. RUGGIERO
                Florida Bar No. 878499

WCR:am